



**FILED**
**Mar 31, 2025**
**12:51 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Vester Simpson | ) Docket No. 2024-50-2247 |
| | ) |
| v. | ) State File No. 860125-2024 |
| | ) |
| Wiregrass North Central, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Audrey A. Headrick, Judge | ) |

---

### Affirmed and Remanded

---

This interlocutory appeal questions the trial court's denial of benefits based on its determination regarding the employee's credibility. The employee alleges an injury to his back due to lifting a grate at work. The employer contended it did not receive notice of a work-related accident until the employee filed a petition for benefit determination five months after the alleged injury. The employer also contended the employee's preexisting condition was the primary cause of his need for surgery and not any work injury. After an expedited hearing, the trial court found the employee's testimony was inconsistent and lacked credibility, and it issued an order denying the employee's request for medical and temporary disability benefits. The employee has appealed. Upon careful review of the record, we affirm the trial court's order and remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Adam Brock-Dagnan, Nashville, Tennessee, for the employee-appellant, Vester Simpson

Lauren M. Poole and Gregory H. Fuller, Brentwood, Tennessee, for the employer-appellee, Wiregrass North Central

### Factual and Procedural History

Vester Simpson ("Employee") alleges he suffered an injury to his back when lifting a grate while working as a bulldozer operator for Wiregrass North Central ("Employer"). Employee filed a petition for benefit determination on March 29, 2024, stating that the injury occurred on October 23, 2023, and that he had been denied medical treatment despite

1

timely reporting the injury to Employer. He requested that his personal physician, neurosurgeon Dr. William Schooley, be authorized for further treatment as Employee was already treating with him using his personal insurance.

Employer denied the request, asserting that Employee had not provided proper notice of a work accident and that the injury was not primarily caused by any event at work. The parties deposed Dr. Schooley, who testified he had treated Employee occasionally for low back complaints since November 2013. According to Dr. Schooley, two previous MRIs of his lumbar spine, completed in June 2014 and September 2016, showed degenerative disc disease at L3-L4, L4-L5, and L5-S1. Dr. Schooley testified Employee had "the type of disc disease that you would see in somebody that does manual labor." Dr. Schooley did not recommend surgery at that time, and the last time he saw Employee prior to 2023 was in November 2016.

During the expedited hearing, Employee testified he went to a "family medical clinic" the Monday after the incident with complaints of severe back pain. He also stated that he asked the provider to refer him for an MRI, which was completed several days later. Employee claimed that he "stayed in touch" with his supervisor "every step of the way." Thereafter, Employee returned to Dr. Schooley's office on November 22, 2023, at which time he saw Allison Graves, Dr. Schooley's Physician's Assistant. Ms. Graves noted in the medical chart that the "Timing/Onset" of his complaints of "chronic back pain" was "over [ten] years." She further stated that Employee "denie[d] any specific accident or injury causing his pain." Employee brought the MRI scan from November 8, 2023 to the appointment. Ms. Graves reviewed the MRI with Dr. Schooley, who recommended surgery at L4-L5 and L5-S1 due to the progression of Employee's stenosis in the spine from moderate to severe. Employee returned to Dr. Schooley's office for his pre-surgery physical on December 5, 2023, at which time he again denied any injury or accident. The surgery was scheduled for later that month, but it did not occur as Employee's personal insurance denied the surgery.

Employee did not return to Dr. Schooley's office until June 14, 2024. The note from that appointment stated

> [Employee] is here. He had some forms filled out in the past that state that his back pain was not due to an injury however he states . . . this time that he had a specific injury back in November 2023 lifting what was probably a manhole cover . . . at work. I corrected his forms for that.

Dr. Schooley testified that in his opinion, the work incident Employee described permanently worsened his back condition, assuming Employee's description of the incident was accurate and true. However, on cross-examination, he stated the following about the abnormality in Employee's MRI:

2

[L]ooking at an MRI, you usually can't tell the cause of why it looks abnormal, and you usually can't tell how long it's been damaged. Something caused it to give way. It could have been bending and lifting. It could have been stepping off a curb. It could have been getting up from sitting in a chair. [It] could have been lifting a manhole cover at work. But you can't say.

Employer had Employee evaluated by Dr. Mitul Patel, an orthopedic surgeon, on November 11, 2024. Dr. Patel reviewed all of the prior medical records and examined Employee. In his report, he opined that Employee had suffered a lumbar strain/sprain in the incident he alleged at work and that it was possible that the incident aggravated his preexisting back condition. However, he also noted, "I cannot state with a reasonable degree of medical certainty that the incident on October 23, 2023 is the primary (greater than 50%) [cause] of this aggravation given all of the pre-existing treatment and diagnoses and imaging." He disagreed with Dr. Schooley's surgical recommendation, stating the most recent MRI showed that the "degeneration at L4-L5 and L5-S1 was slightly advanced compared to five years ago." Dr. Patel recommended non-operative pain management.

At the January 3, 2025 expedited hearing, Employee testified that the incident occurred on November 2, 2023 and that his confusion regarding the date of the injury was due to his pain at the time. He testified that he moved the grate, grabbed a shovel, and felt a pop in his back followed by immediate pain. On cross-examination, he initially testified that he was in a water basin when the injury occurred but then almost immediately changed his testimony, stating he was actually at ground level, looking down at the water basin when it occurred. When asked on cross-examination to review a portion of his deposition testimony, he testified, "It's just – it's been so long ago. I'm trying to recall that day. It's almost as if I recall doing it in both places," before changing his testimony again and stating that the accident happened in the basin.[1]

Employee testified that, after the alleged work incident, he asked his supervisor, Mr. Augur, for medical treatment. However, on cross-examination, Employee admitted that he testified in his deposition he told Mr. Augur he did not want medical treatment and would use his own insurance if he sought medical care. Ultimately, he testified that he likely would not have requested medical treatment from Employer if the surgery recommended by Dr. Schooley had been approved by his personal health insurance.[2]

The trial court issued an order on January 10, 2025, denying Employee's request for benefits. It found Employee was not credible and was unlikely to succeed at trial in proving he had suffered a compensable injury. Employee has appealed.

---

[1] Employee's deposition testimony was not admitted into evidence.

[2] Employee also asserted that he did not want to file a workers' compensation claim because he feared being terminated, but he admitted he had not been threatened with termination if he filed such a claim. Employer did not present Mr. Auger's testimony at the expedited hearing.

## Standard of Review

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2024). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Moreover, the interpretation and application of statutes and regulations are questions of law that are reviewed de novo with no presumption of correctness afforded the trial court's conclusions. *See Batey v. Deliver This, Inc.*, 568 S.W.3d 91, 95-96 (Tenn. 2019). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2024).

## Analysis

Employee raises two issues on appeal, which we restate as follows: (1) whether the trial court erred in determining Employee was not credible; and (2) whether the trial court erred in determining Employee did not provide sufficient notice.[3] The trial court's denial of benefits hinged on its assessment of Employee's credibility, and our resolution of that issue pretermits any others.

The law is clear that "[w]hen the trial court has heard in-court testimony, considerable deference must be afforded in reviewing the trial court's findings of credibility and assessment of the weight to be given to that testimony." *Sirkin v. Trans Carriers, Inc.*, No. 2015-08-0292, 2016 TN Wrk. Comp. App. Bd. LEXIS 22, at *8-9 (Tenn. Workers' Comp. App. Bd. May 9, 2016) (quoting *Tryon v. Saturn Corp.*, 254 S.W.3d 321, at 327 (Tenn. 2008)). "Appellate courts will not re-evaluate a trial judge's assessment of witness credibility absent clear and convincing evidence to the contrary. In order for evidence to be clear and convincing, it must eliminate any serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hernandez v. Jones Fiber Products, LLC*, No. 2019-02-0046, 2020 TN Wrk. Comp. App. Bd. LEXIS 72, at *18-19 (Tenn. Workers' Comp. App. Bd. Dec. 28, 2020) (quoting *Kelly v. Kelly*, 445 S.W.3d 685 (Tenn. 2014)). The trial court in this case specifically identified the inconsistencies in

---

[3] In his notice of appeal, Employee asserts the trial court "erred in determining that notice was not provided." However, our review of the trial court's order indicates it made no such finding. Instead, the trial court determined that Employee had not come forward with sufficient evidence to show he was likely to prevail at trial in proving "his alleged injury or aggravation of a preexisting condition primarily arose out of his employment." Thus, we need not address the notice issue further.

Employee's testimony regarding the date and mechanism of the alleged work accident, as well as the lack of any indication in his initial medical records that he reported an incident or accident at work. Moreover, the court noted Employee's admission that he only sought workers' compensation benefits after his personal health insurance denied authorization for the surgery recommended by Dr. Schooley.

Employee argues on appeal that any inconsistencies in his testimony concern the "*specifics* of the injury's occurrence" and do not go to Employee's overall veracity in asserting the occurrence of a work accident and his entitlement to benefits. (Emphasis in original.) We are not persuaded. Employee's credibility on this issue goes directly to his statutory burden of proof. An injured worker is required to identify an "incident, or set of incidents, . . . identifiable by time and place of occurrence" to establish a compensable injury. Tenn. Code Ann. § 50-6-102(12)(A) (2024). Employee provided inconsistent and contradictory testimony on this point during the expedited hearing. Simply put, there is no clear and convincing evidence in this record to support a conclusion that the trial court erred in finding Employee was not credible and was therefore unlikely to prevail at trial in proving the occurrence of a compensable aggravation of his preexisting condition.

### Conclusion

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Vester Simpson | ) | Docket No. 2024-50-2247 |
| | ) | |
| v. | ) | State File No. 860125-2024 |
| | ) | |
| Wiregrass North Central, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Audrey A. Headrick, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 31st day of March, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Adam Brock-Dagnan | | | | X | adam.brockdagnan@forthepeople.com christopher.howell@forthepeople.com |
| Lauren Poole | | | | X | lmpoole@mijs.com erragan@mijs.com |
| Audrey A. Headrick, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov